# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HUSIEEN EDMONDS,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | |
| v. : | NO.  20-cv-658 |
| : | |
| **SOUTHEASTERN PENNSYLVANIA** : | |
| **TRANSPORTATION AUTHORITY; and** : | |
| **VINCENT DELLAVECCHIA (In His** : | |
| **Individual and Official Capacity)** : | |
| Defendants. : | |

## MEMORANDUM

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                   **August 4, 2022**

Presently before the Court is Defendant Southeastern Pennsylvania Transportation Authority's (SEPTA) Motion to Hold Anthony Colavita, M.D., in Civil Contempt and for Sanctions (ECF No. 33), and pursuant to 28 U.S.C. § 636(e)(6)(B), this Court certifies the facts setting out a *prima facie* case of Civil Contempt and orders Dr. Colavita to appear before the Honorable C. Darnell Jones, II, for a hearing to show cause why he should not be held in contempt and face sanctions.

## I.    PROCEDURAL HISTORY

On February 5, 2020, Plaintiff filed his Complaint against Defendants SEPTA and Vincent Dellavecchia alleging that they discriminated against him because of his sex or gender and retaliated against him for reporting the discrimination, all in violation of various state and federal laws.  (*See generally* Compl., ECF No. 1).  On September 18, 2020, SEPTA filed its Answer denying that it engaged in any prohibited acts.  (*See generally* Answer, ECF No. 10).

Mr. Dellavecchia has not responded to the Complaint, and Plaintiff obtained a default against him on June 29, 2022. (*See* unnumbered June 29, 2022 docket entries).

Of relevance to the instant motion, Plaintiff treated with Dr. Colavita in 2019 for, *inter alia*, anxiety and depression he allegedly suffered as the result of the unlawful acts while working for SEPTA. (Kushner Decl., ECF No. 33-4, at ¶ 3). On May 6, 2022, SEPTA generated a deposition subpoena for the mutually agreed date of May 19, 2022, and personally served it upon a "person in charge" at his office on May 9, 2022. (Dep. Sub., ECF No. 33-5, Ex. C; Aff. of Serv., ECF No. 33-5, Ex. D; Summ. of Serv., ECF No. 33-5, Ex. E). On May 12, 2022, Dr. Colavita requested a $600 witness fee to provide his deposition testimony. (Fee Invoice, ECF No. 33-5, Ex. F). The same day, SEPTA agreed and informed Dr. Colavita that to process the check it required a completed IRS Form W-9, which it also provided to him in blank form. (May 12, 2022 Ltr., ECF No. 33-5, Ex. G). However, on May 17, 2022, Dr. Colavita insisted on payment without completing the necessary IRS form. (Kushner Decl., ECF No. 33-4, at ¶ 13).

On May 18, 2022, SEPTA filed a motion to enforce the subpoena, to which Dr. Colavita did not respond. (Mot. to Enforce Sub., ECF No. 29). On June 13, 2022, Judge Jones granted the motion and ordered Dr. Colavita to: (1) appear for deposition, and (2) provide a completed Form W-9 as a condition of receiving payment of the requested witness fee. (Order, ECF No. 31). After conferring with Plaintiff, SEPTA sent a copy of Judge Jones's Order to Dr. Colavita with a cover letter scheduling the deposition for June 23, 2022, at 10 a.m. but inviting him to advise of any scheduling conflicts. (June 15, 2022 Ltr., ECF No. 33-5, Ex. H). In a follow up conversation with Dr. Colavita on June 20, 2022, he indicated that he was available at the noticed time and date but continued to insist on prepayment of his fee, notwithstanding the fact

that the Form W-9 had not been completed. (Kushner Decl., ECF No. 33-4, at ¶¶ 18-21). Following the conversation, SEPTA sent Dr. Colavita a letter, delivered the next day, June 21, 2022, reiterating that the deposition would take place the day after that, June 22, 2022, as previously scheduled. (June 20, 2022 Ltr., ECF No. 33-5, Ex. I; Delivery Confirmation, ECF No. 33-5, Ex. J). However, when counsel for the parties appeared with a court reporter at Dr. Colavita's office as scheduled on the morning of June 22, 2022, no one answered the locked office door when counsel knocked. (Kushner Decl., ECF No. 33-4, at ¶¶ 24-27). Nor has he or his representative contacted SEPTA regarding his failure to appear. (*Id.* at ¶ 28). Judge Jones referred this matter to me on June 30, 2022. (Order, ECF No. 35).

## II.     LEGAL STANDARD

"Magistrate judges are granted contempt authority by statute." *Wallace v. Kmart Corp.*, 687 F.3d 86, 90 (3d Cir. 2012) (citing 28 U.S.C. § 636(e)). The statute provides that, except where a Magistrate Judge exercises consent jurisdiction in civil cases under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3041, the Magistrate Judge may not enter an order of civil contempt. Instead, Section 636(e)(6)(B) sets forth the applicable authority and procedure:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

28 U.S.C. § 636(e)(6)(B).

The Third Circuit has explained "'under the statute, the magistrate judge's certification of facts seems designed to serve function of a charging instrument or pleading for a trial to be held before the district judge.'" *Wallace*, 687 F.3d at 90 (quoting *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992)). Once the facts are certified, "[t]he statute clearly specifies that the order to show cause shall require the alleged contemnor to appear before a judge of the district court, who hears the evidence . . . and decides whether to impose punishment." *Taberer*, 954 F.2d at 903.

### III. DISCUSSION

SEPTA has requested that Dr. Colavita be held in Civil Contempt and sanctioned for failing to comply with the subpoena served on May 9, 2022, as well as Judge Jones's June 13, 2022 Order, both requiring Dr. Colavita to appear for deposition. "Proof of contempt requires a movant to demonstrate '(1) that a valid order of the court existed; (2) that the [individual] had knowledge of the order; and (3) that the [individual] disobeyed the order.'" *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (quoting *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009)).

Plaintiff has demonstrated a *prima facie* case of Civil Contempt. Accordingly, I certify the following facts:

    1. On May 6, 2022, SEPTA generated a valid subpoena commanding Dr. Colavita to appear for deposition at 10:00 a.m. on May 19, 2022, at the Office of Dr. Anthony Colavita at 1411 Wolf Street, Philadelphia, Pennsylvania.

    2. On May 9, 2022, SEPTA served the subpoena upon Dr. Colavita at that address.

    3. Dr. Colavita disobeyed the subpoena by refusing to appear for deposition unless he was first provided with his requested

       witness fee without completion of the required IRS Form W-9.

4. On June 13, 2022, Judge Jones granted SEPTA's motion to enforce the subpoena and ordered Dr. Colavita to appear for deposition.

5. On June 15, 2022, SEPTA served Judge Jones's Order on Dr. Colavita with a cover letter scheduling the deposition for June 23, 2022, at 10:00 a.m. at his office but inviting him to advise of any scheduling conflicts.

6. Dr. Colavita disobeyed the Order by failing to appear for his deposition scheduled pursuant to the Order.

## IV. CONCLUSION

For the foregoing reasons, this Court finds Plaintiff has established a *prima facie* case of Civil Contempt against Anthony Colavita, M.D., for failing to comply with the May 6, 2022 subpoena and Judge Jones's June 13, 2022 Order requiring him to appear for deposition. Accordingly, pursuant to 28 U.S.C. § 636(e)(6)(B), this Court certifies the facts constituting a *prima facie* case of Civil Contempt and orders Dr. Colavita to appear before the Honorable C. Darnell Jones, II, for a hearing to show cause why she should not be held in contempt and face sanctions.

An appropriate Order follows.

                                                    BY THE COURT:

                                                    /s/ Lynne A. Sitarski
                                                    LYNNE A. SITARSKI
                                                    United States Magistrate Judge